# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/11/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Joe Thomas Turner and Ru Than Turner

**Case Number:** 03-10672

### Document Information

**Description:** Order Granting in Part, Denying in Part [565-1] Motion For Sanctions Pursuant to Bankruptcy Rule 9011 by United States Trustee .

**Received on:** 2004-12-08 15:13:28.000

**Date Filed:** 2004-12-08 00:00:00.000

**Date Entered On Docket:** 2004-12-09 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   JOE THOMAS TURNER and                             No. 11-03-10672 ML
         RU THAN TURNER,

         Debtors.

### ORDER GRANTING, IN PART, UNITED STATES TRUSTEE'S MOTION FOR SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011

THIS MATTER is before the Court on the United States Trustee's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 ("Motion for Sanctions"). The Unsecured Creditors Committee ("UCC"), represented by Jennie Deden Behles, and Creditor First Savings Bank ("FSB"), represented by James A. Roggow, joined in the Motion for Sanctions. *See* Docket # 572 and Docket # 574. The Motion for Sanctions requests the Court to impose sanctions against Hall Sippy pursuant to Rule 9011, Fed.R.Bankr.P., for his false representations of disinterestedness contained in affidavits filed in connection with two motions to employ Hall Sippy and Southwest Ranch Sales, Inc. as realtor for the bankruptcy estate. Hall Sippy, by and through his attorney of record, Matthew Holt, filed a response to the Motion for Sanctions (Docket # 590), and the UCC filed a reply (Docket # 607). Mr. Sippy also filed a response to the UCC's joinder in the Motion for Sanctions (Docket # 619). The parties, having fully briefed the issues, and having presented evidence at the final hearing on Mr. Sippy's Application for Payment of Compensation ("Application for Compensation"), declined to present additional evidence at a final hearing on the Motion for Sanctions, and the Court took the matter under advisement following the preliminary hearing on the Motion for Sanctions. Based on the evidence now before the Court, and being otherwise sufficiently informed, the Court finds that sanctions under Rule 9011, Fed.R.Bankr.P. are appropriate under the circumstances present here and in light of *In re*

*Rossmiller,* 181 B.R. 988 (D.Colo. 1995), *aff'd,* 82 F.3d 426 (10th Cir. 1996). Accordingly, the Court will grant the Motion for Sanctions, in part.

BACKGROUND

Hall Sippy and Southwest Ranch Sales, Inc. were employed by the estate for the purpose of listing and selling certain real property in Grant County, New Mexico commonly referred to by the parties as the Bar D Mini Ranches.[1] In January of 2004, the Debtors sought to expand the scope of the employment of Mr. Sippy and Southwest Ranch Sales, Inc. for the purpose of marketing and selling additional real property of the estate, including the property known as Thompson Canyon Ranch.[2] In connection with the First Motion to Employ and the Motion to Expand Employment, Mr. Sippy executed affidavits of disinterestedness which were filed with the Court. (Exhibit A attached to First Motion to Employ - Docket # 23; and Exhibit A to Motion to Expand Employment - Docket #327). The affidavits certified that Mr. Sippy was not a creditor or insider of the Debtors, that he did not hold an interest adverse to the interests of the bankruptcy estate or its creditors, that neither he nor Southwest Ranch Sales, Inc. have any connection with the Debtors, and that he and Southwest Ranch Sales, Inc. are disinterested persons. (*See* Docket # 23 and Docket #327). Both affidavits contained false statements that Mr. Sippy was disinterested, when, in fact, he was both a debtor and a creditor of

---

[1] *See* Application for Employment of Southwest Ranch Sales, Inc. as Realtors and Professional Persons to Sell Real Estate Pursuant to 11 U.S.C. § 327 of the Bankruptcy Code and for Approval of Listing Agreement, filed March 4, 2003 ("First Motion to Employ") (Docket # 23) and Order Approving Employment of Southwest Ranch Sales, Inc. as Realtors and Professional Persons to List and Sell Real Estate and Approving Listing Agreement (Docket #63).

[2] *See* Motion to Expand Employment of Southwest Ranch Sales, Inc. as Realtors and Professional Persons to List and Sell Real Estate Pursuant to 11 U.S.C. § 327 and for Approval of an Expanded Listing Agreement ("Motion to Expand Employment") (Docket # 327).

2

the Debtors in this bankruptcy proceeding. While the Motion to Expand Employment was pending, Mr. Sippy entered into an agreement with David and Tamara Ogilvie to represent them as a buyer's agent in connection with the purchase of the Thompson Canyon Ranch property, whereby the Ogilvies agreed to pay Mr. Sippy $50,000.00 as compensation for his services as buyer's agent. The Ogilvies offered to purchase the Thompson Canyon Ranch property for $2,100,000.00, and an Order Approving the Sale of Thompson Canyon Ranch Property [to the Ogilvies] ("Sale Order") was entered on March 12, 2004. (See Docket # 371). Pursuant to the Sale Order, the $50,000.00 payment called for in the agreement between the Ogilvies and Hall Sippy was placed into the Court's registry. Mr. Sippy then filed his Application for Compensation requesting disbursement of the $50,000.00 held in the Court's registry. The Court entered an Order Conditionally Granting the Application for Payment of Commission Subject to Offset of Commissions Ordered Disgorged and Subject to Further Proceeding on the United States Trustee's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 ("Compensation Order"), finding that Mr. Sippy's lack of disinterestedness disqualified him from serving as a realtor for the estate, requiring disgorgement of fees earned as a result of his employment to sell the Bar D Mini Ranches, and reserving for later determination the issue of whether sanctions should be imposed pursuant to Rule 9011, Fed.R.Bankr.P. The Motion for Sanctions requests that the $50,000.00 now held in the Court's registry pursuant to the Sale Order be forfeited to the Court as a sanction against Mr. Sippy pursuant to Rule 9011, Fed.R.Bankr.P.

## DISCUSSION

Rule 9011, Fed.R.Bankr.P. requires that by presenting any paper to the Court, an attorney or unrepresented party is certifying that to the best of the person's knowledge,

3

information and belief, formed after an inquiry reasonable under the circumstances, –

. . . .

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

Rule 9011(b)(3), Fed.R.Bankr.P.

There is no question that the affidavits signed and presented to the Court by Mr. Sippy contained untrue statements of disinterestedness. Mr. Sippy admitted at the final hearing on the Application for Compensation that he did not read the affidavits carefully before signing them, that he knew at the time he was both a debtor and a creditor of the Debtors, and that, therefore the affidavits contained statements that were, in fact, not true. Mr. Sippy points out that he is neither an attorney, nor a party to this bankruptcy proceeding, and asserts that, therefore, Rule 9011, Fed.R.Bankr.P. does not apply to him. He also asserts that because he did not execute the affidavits in bad faith, sanctions should not be imposed. Finally, Mr. Sippy defends his actions by claiming that because the Debtors knew of his pre-existing debtor and creditor relationship with the Debtors, he is not solely to blame, and consequently should not be further punished by the imposition of Rule 9011 sanctions.

In considering whether Rule 9011 sanctions should be imposed on Mr. Sippy, the Court finds persuasive *In re Rossmiller,* 181 B.R. 988 (D.Colo. 1995), *aff'd,* 82 F.3d 426 (10th Cir. 1996). In *Rossmiller*, an auctioneer who auctioned property of the bankruptcy estate imposed an undisclosed buyer's premium against the proceeds of the sale of the debtor's assets in addition to the 20% sales commission contained in the court-approved stipulation concerning his employment. 181 B.R. at 989. The auctioneer had filed an affidavit with the Court stating that he would receive 20% of the total

4

amount of the sale of the property, plus payment of necessary costs. *Id.* at 989-990. In fact, the auctioneer charged an additional 10% buyer's premium at the auction and then applied to the Court for the 20% commission disclosed in his affidavit. *Id.* The district court upheld the bankruptcy court's determination that by failing to act in accord with his signed statement, he "signed the statement in bad faith making him subject to sanctions under Rule 9011." *Id.* at 995. The district court also found that the bankruptcy court correctly applied the Tenth Circuit standards for imposing Rule 11 sanctions as specified in *White v. General Motors Corp.,* 908 F.2d 675 (10th Cir. 1990).

Against the backdrop of *Rossmiller*, and in view of the factors enumerated in *White*, the Court finds that sanctions must be imposed against Mr. Sippy based on the untrue statements contained in the affidavits, and based on his subsequent actions that further contradict his statements of disinterestedness. Rule 9011 sanctions "apply to people who sign court pleadings, not only attorneys." *Rossmiller,* 181 B.R. at 993 (citing *Business Guides Inc. v. Chromatic Communication Enter. Inc.,* 498 U.S. 533, 544, 111 S.Ct. 922, 929-930, 112 L.Ed.2d 1140 (1991)). By signing the affidavits of disinterestedness and submitting them to the Court in support of the First Motion to Employ and the Motion to Expand Employment, Mr. Sippy subjected himself to the requirements of Rule 9011, Fed.R.Bankr.P. *See Business Guides,* 498 U.S. at 542, 111 S.Ct. at 928 ("A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and law and is satisfied that the document is well grounded in both . . ."). Regardless of whether Debtors' counsel knew or should have known that Mr. Sippy was both a creditor and debtor of the Debtors' bankruptcy estate at the time Debtors' counsel prepared the First Motion to Employ and the Motion to Expand Employment, Mr. Sippy had an independent duty to read his affidavit carefully before signing it,

for by signing an affidavit an affiant certifies under oath that the statements contained in the affidavit are true and correct. *Cf. In re Cascade Energy & Metals Corp.,* 87 F.3d 1146, 1151 (10th Cir. 1996) (noting that "[t]he focus of Rule 11 is narrow. It relates to the time of signing of a document and imposes an affirmative duty on each attorney and each party, represented or pro se, to conduct a reasonable inquiry into the validity and accuracy of a document before it is signed.").

The bankruptcy court in *Rossmiller* made a specific finding that the auctioneer acted in bad faith. 181 B.R. at 991. But bad faith is not a prerequisite to Rule 11 sanctions. *See Burkhart Through Meeks, v. Kinsley Bank,* 804 F.2d 588, 589 (10th Cir. 1986) (noting that "[c]ases considering the amended Rule 11 have uniformly held that a showing of 'subjective bad faith' is no longer required to trigger the sanctions permitted by Rule 11.") (citations omitted); *In re Melton,* 217 B.R. 869, 873 (Bankr.D.Colo. 1998) (imposing Rule 11 sanctions against credit card issuer who had no basis for filing non-dischargeability complaint despite lack of bad faith or malice). *See also, Cascade Energy,* 87 F.3d at 1150 ("The determinations required to support the imposition of sanctions under Rule 9011 are the same as those required under Rule 11."). Mr. Sippy submitted to the Court two affidavits containing statements that were untrue. These affidavits fail to comply with the requirements of Rule 9011, Fed.R.Bankr.P. Moreover, by subsequently entering into an agreement with the Ogilvies to serve as buyer's agent in the same transaction for which Mr. Sippy sought Court approval to serve as seller's agent for the bankruptcy estate, Mr. Sippy placed himself in a position in direct conflict with the bankruptcy estate. Mr. Sippy was not employed by the estate under 11 U.S.C. § 327 to sell the Thompson Canyon ranch property. However, as the court analogized in *Rossmiller*, where a failure to disclose potential conflicts to the Court under 11 U.S.C. § 327 would otherwise form the basis for

6

denying all compensation to a professional employed by the estate, Rule 9011 sanctions may be appropriate. *Rossmiller* 181 B.R. at 993 (finding the analogy to 11 U.S.C. § 327 persuasive). In accordance with *Rossmiller*, sanctions against Mr. Sippy pursuant to Rule 9011, Fed.R.Bankr.P. are appropriate.

Having found sufficient cause to impose sanctions under Rule 9011, Fed.R.Bankr.P., the Court must next determine the appropriate amount of sanctions. *See In re Ewing,* 147 B.R. 970, 973 (Bankr.D.N.M. 1992) ("Once a violation of Rule 11 has been found, sanctions are mandatory.") (citation omitted). "Deterrence is . . . the primary goal of the sanctions [under Rule 11]." *White v. General Motors Corp., Inc.,* 908 F.2d 675 (10th Cir. 1990). Rule 9011(c)(2) provides that

> the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Rule 9011(c)(2), Fed.R.Bankr.P.

"The appropriate sanction should be the least severe sanction adequate to deter and punish the [offending party]." *White,* 908 F.2d at 684 (citation omitted). Factors the Court must consider when imposing monetary sanctions under the standards enumerated in *White* include the reasonableness of attorneys' fees[3], the minimum amount to deter misconduct, and the ability of the offending party to pay. *Id.* at 684-685. Other relevant factors include the history and experience of the offending party, the severity of the violation and the degree to which malice or bad faith contributed to the violation. *Id.*

---

[3]The Motion for Sanctions is directed toward the $50,000.00 representing the buyers' commission now held in the Court's registry; therefore, the reasonableness of any attorneys' fees which may be awarded as a sanction under Rule 9011, Fed.R.Bankr.P. is not relevant here.

7

The Motion for Sanctions requests that the $50,000.00 now held in the Court's registry be forfeited as a sanction for Mr. Sippy's violation of Rule 9011, Fed.R.Bankr.P. The Court does not believe that Mr. Sippy acted in bad faith or with malice in signing and presenting to the Court his affidavits of disinterestedness. Nevertheless, his statements were untrue, and his subsequent actions in becoming the buyer's agent in direct conflict with the bankruptcy estate exacerbated these misrepresentations. Even if Mr. Sippy were not experienced in bankruptcy matters and the specific requirements of Rule 9011, as an experienced real estate broker he should have been well aware of the potential conflict of interest in becoming a buyer's agent after having taken actions on behalf of the seller in connection with the same parcel of property. Based on all facts now before the Court, the Court therefore finds that a sanction of $20,000.00 is the minimum amount sufficient to deter such conduct in the future. Because the subject funds now rest in the Court's registry, Mr. Sippy will be able to pay the sanction.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion for Sanctions is GRANTED, in part. The amount of $20,000.00 shall be the sanction against Hall Sippy pursuant to Rule 9011, Fed.R.Bankr.P.

ORDERED FURTHER, that the United States Trustee prepare and present to the Court an Order[4] consistent with the Court's ruling on the Motion for Sanctions and the Court's prior ruling ordering disgorgement of all commissions Mr. Sippy earned in connection with the sales of the Bar D Mini Ranches, deducting from the $50,000.00 now held in the Court's registry the amount of sanctions awarded by this Order and the total amount to be disgorged pursuant to the Court's prior ruling, and

---

[4]Getting approval from counsel for Mr. Sippy as to the form of the Order.

8

directing that the balance of funds be remitted to Mr. Sippy from the Court's registry.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Matthew P. Holt
Attorney for Hall Sippy
PO Box 2699
Las Cruces, NM 88004

Steven Tal Young
Attorney for Debtors
PO Box 987
Albuquerque, NM 87103

James A. Roggow
Attorney for First Savings Bank
PO Box 1837
Las Cruces, NM 88004

Jennie Deden Behles
Heather Meade
Attorneys for Unsecured Creditors Committee
PO Box 7070
Albuquerque, NM 87194

Ron E. Andazola
Attorney for United States Trustee
PO Box 608
Albuquerque, NM 87103

_____
Patti G. Hennessy
Law Clerk

9