UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
JOE THOMAS TURNER and
RU THAN TURNER,
      Debtors.               No. 7-03-10672 SA

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON INTERNAL REVENUE SERVICE'S
<u>CHAPTER 11 ADMINISTRATIVE CLAIMS</u>**

     This matter is before the Court on the Trustee's objections to two claims made by the Internal Revenue Service ("IRS")(docs 904 and 905). The Trustee Philip J. Montoya is represented by his attorneys Moore, Berkson & Gandarilla, P.C. (George Moore and Bonnie Gandarilla). The IRS is represented by Manuel Lucero, Assistant United States Attorney. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A).

**THE PROCEEDINGS TO DATE**

1. Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 29, 2003. Debtors continued the operation of their sole proprietorship business post-petition.

2. IRS filed a priority proof of claim for taxes in the amount of $1,000.00 based on an unfiled 2002 income tax return.

3. The last operating report on file is for the month of August, 2004. (Doc 576). Page 11 of the operating report is a schedule of federal withholding taxes unpaid by the Debtor since the filing of the Chapter 11 in the approximate amount of $147,000 (exclusive of interest or penalties). Income tax liability (if any) was not included on the operating reports.

4. On December 15, 2004 the Debtors and the Unsecured Creditors Committee entered a stipulation to terminate business actions that would result in any more tax liability to the estate. (Doc 645).

5. On January 10, 2005, the Court converted the case to one under Chapter 7. (Doc 661).

6. Debtor did not comply with Bankruptcy Rule 1019(5)(A), which requires a debtor-in-possession to file a schedule of unpaid debts incurred after the filing of the petition and before conversion not later than fifteen days after conversion. Consequently the Clerk never gave notice to post-petition claimants to file a request for payment of administrative expenses under Bankruptcy Rule 1019(6).

7. On February 25, 2005, the Trustee filed a Notice of Assets (doc 721), and the Clerk issued a Notice of Possible Dividends on February 27, 2005 fixing May 30, 2005, as the last day for filing proofs of claim (doc 722). IRS was on the mailing list for the Notice of Possible Dividends.

8. On April 27, 2006, the Trustee filed a Motion for Order Establishing Claims Bar Date for Chapter Eleven Administrative Claims. (Doc 835). This motion was evidently intended to create a bar date for filing all administrative claims. However, ¶ 3 of the Motion asks the Court to order the Trustee to "serve notice thereof, in the form attached hereto as Exhibit 2, to <u>all</u>

professionals employed in the chapter eleven case from which the case was converted." (Emphasis added.) Exhibit 2 is the proposed notice; its first line reads: "TO ALL PROFESSIONALS EMPLOYED IN THE CHAPTER ELEVEN CASE:". (Emphasis in original.)

9. On May 9, 2006, the Trustee filed the Notice of the April 27, 2006 motion and in it restated the actual text of the motion. (Doc 842). It called for objections within 20 days of the service of the notice.

10. No objections were filed, and on June 23, 2006, the Court entered its Order Establishing Claims Bar Date for Chapter Eleven Administrative Claims. (Doc 844). The Order tracked the April 27, 2006 motion and ordered the Trustee to serve Notice of the Bar Date in the form attached to the Motion as Exhibit 2 to all parties on the limited mailing matrix and to all professionals employed in the chapter eleven case from which the case was converted. (IRS was on the limited mailing matrix.)

11. On June 29, 2006, the Trustee sent a Notice of the Order Establishing a Bar Date of July 31, 2006, and addressed it: "TO ALL PROFESSIONALS EMPLOYED IN THE CHAPTER ELEVEN CASE:". (Doc 845).

12. On July 16, 2007, IRS filed a proof of claim for taxes of $1,355,411.31, consisting of a $70,568.07 unsecured nonpriority claim for penalties and a $1,284,843.24 unsecured priority claim for income taxes for the periods ending 12/31/2003 ($168,476.50

tax and $5,891.74 interest to petition date) and 12/31/2004 ($1,110,475.00 tax and no interest). (Claim 102). The claim states that the taxes were assessed on October 9, 2006 (2003 taxes) and January 8, 2007 (2004 taxes).

13. On August 7, 2007, IRS filed a Request for Payment of Internal Revenue Taxes in the amount of $307,013.14. (Doc 901). This request for administrative expenses is for withholding taxes and FICA taxes for the tax periods ending 3/30/2004, 6/30/2004, 9/30/2004, and 12/31/2004 and FUTA taxes for 12/31/2004 in the total amounts of $179,156.89. The request computes interest due at $55,029.85 and penalties due of $72,826.40.

14. On August 28, 2007, the Trustee filed an Objection to IRS's Application for Allowance of Chapter 11 Administrative Claim (doc 904) on the basis that it was filed after the July 31, 2006 bar date.

15. Also on August 28, 2007, the Trustee filed an Objection to IRS's Proof of Claim number 102 on the grounds that it was filed after the May 30, 2005 bar date. (Doc 905).

16. On September 28, 2007, IRS responded to both of Trustee's objections (docs 909, 910). The Court's docket sheet indicates that September 28, 2007 was the first date that IRS became represented by an attorney in this case.

17. The parties submitted briefs (IRS, doc 982; Trustee, doc 989) at the request of the Court. The Court has reviewed the

Case 03-10672-trc7    Doc 992    Filed 03/11/10    Entered 03/11/10 10:05:17    Page 4 of 9

briefs, the files, and the applicable authorities and issues these findings of fact and conclusions of law.

18. On December 22, 2009, Judge McFeeley's involvement with this case terminated and it was assigned to the undersigned.[1]

19. As of March 1, 2010, the Trustee has not mailed to creditors the summary of the Trustee's final report or commenced final distribution. <u>See</u> docket.

**<u>CONCLUSIONS OF LAW</u>**

1. The priority of claims in distribution is determinated by the law existing on the petition date. <u>Solow v. United States (In re Johnson Rehabilitation Nursing Home, Inc.)</u>, 239 B.R. 168, 172 (Bankr. N.D. Ill. 1999).

2. In 2003, when this case was filed, 11 U.S.C. § 726(a)(1) read as follows:

> (a) Except as provided in section 510[2] of this title, property of the estate shall be distributed--
> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section.

3. In 2003, 11 U.S.C. § 507 provided, in part:

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 9028 I certify familiarity with the record to the extent it involves the IRS, the IRS's claims, the conversion, and subsequent bar dates. No witnesses have been called in this matter.

[2] Section 510 deals with subordination and is not relevant to this case.

Page -5-

(a) The following expenses and claims have priority in
the following order:
(1) First, administrative expenses allowed under
section 503(b) of this title...

4. In 2003, 11 U.S.C. § 503 provided, in part:

(a) An entity may timely file a request for payment of
an administrative expense, or may tardily file such
request if permitted by the court for cause.
(b) After notice and a hearing, there shall be allowed
administrative expenses, other than claims allowed
under section 502(f)[3] of this title, including—
(1)(A) the actual, necessary costs and expenses of
preserving the estate, including wages, salaries, or
commissions for services rendered after the
commencement of the case;
(B) any tax—
(i) incurred by the estate, except a tax of a kind
specified in section 507(a)(8)[4] of this; or
(ii) attributable to an excessive allowance of a
tentative carryback adjustment that the estate
received, whether the taxable year to which such
adjustment relates ended before or after the
commencement of the case; and
(C) any fine, penalty, or reduction in credit relating
to a tax of a kind specified in subparagraph (B) of
this paragraph[.]

5. The claims at issue in this case are post-petition, pre-

conversion taxes incurred by the estate, plus interest on those

taxes and the penalties accrued on those taxes. They are

therefore Section 503(b)(1)(B)(i) (taxes incurred by the estate)

and Section 503(b)(1)(C) (penalties on subparagraph (B) taxes)

claims. Interest on administrative taxes that accrues during a

---

[3]Section 502(f) involves involuntary cases.

[4]Section 507(a)(8) taxes are income or gross receipts taxes
for a taxable year ending on or before the date of the petition.
The taxes at issue in this case arose post-petition, so section
507(a)(8) is not implicated.

Page -6-

Case 03-10672-trc7    Doc 992    Filed 03/11/10    Entered 03/11/10 10:05:17 Page 6 of 9

Chapter 11 case is paid at the same priority as the underlying administrative tax. <u>Rupp v. United States (In re Rocky Mountain Refractories)</u>, 208 B.R. 709, 714 (10th Cir. BAP 1997). Therefore, the claims are entirely 503(b) claims.

6. IRS's claims were filed before the Trustee commenced distribution.

7. These 503(b) claims are 507(a)(1) claims, and under section 726(a)(1) receive first priority in distribution.

8. Although tardiness of filing is irrelevant to section 726(a)(1) since the Trustee had not commenced distribution under the 2003 statute, the Court finds that the IRS claims were not tardy in any event. First, the Administrative Bar Date motion, notice and order are fatally flawed. The only clear result of the Bar Date papers was to put professionals that had worked in the Chapter 11 portion of the case on notice that they had to file their administrative claims. The IRS does not fit in this category and had no reason to know that it had to file its administrative claim by any particular date. Second, the Debtors failed to file a schedule of unpaid chapter 11 liabilities, so IRS never received timely notice that it even had a claim. The income taxes at issue in Proof of Claim 102 were not even assessed by IRS until October, 2006 and January, 2007, well after the purported bar date. Although IRS should be deemed to be a sophisticated creditor, the situation in this case was caused by

a series of omissions by other parties and the IRS should not be held accountable. Finally, IRS did not have counsel until September 28, 2007, well after the purported bar date. And, with respect to section 503, the Court finds that tardiness in filing (if any) should be excused and that the filing should be allowed. The taxes due on these claims were generated by the Debtors' operation of a business post-petition. The taxes were reported on the monthly operating reports, so do not come as a surprise to anyone that had followed the case. In fact, it was the Unsecured Creditors Committee that forced conversion to stop further accruals of tax liability. To deny IRS the taxes that are justly due would unjustly enrich the estate at the expense of the government.

9. 11 U.S.C. § 348 (2003) is not relevant to this case. That section deals with the effect of conversion. The general rule is that post-petition pre-conversion claims are treated for all purposes as if the claim had arisen immediately before the date of the filing of the petition. The exception to this general rule is for section 503(b) claims. The taxes in this case are section 503(b) claims.

**CONCLUSIONS**

For the reasons above, the Court finds that IRS has two valid, timely requests for payment of administrative expenses.

The Trustee's objections will be overruled.  A separate Order will enter.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  March 11, 2010

Copies to:

Jim Foy
Attorney for Debtors
PO Box 2615
Silver City, NM 88062-2615

Bonnie Bassan Gandarilla
Attorney for Trustee
Moore, Berkson & Gandarilla, P.C.
PO Box 7459
Albuquerque, NM 87194

Manuel Lucero
Assistant US Attorney
PO Box 607
Albuquerque, NM 87103-0607